**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-2243

---

FRANK J. FORMICA,

Plaintiff - Appellant,

versus

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Defendant - Appellee.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, District Judge. (CA-00-3049-PJM)

---

Argued: December 2, 2005               Decided: January 19, 2006

---

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Frederic Willard Schwartz, Jr., Washington, D.C., for Appellant. Walter Laurence Williams, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P., McLean, Virginia, for Appellee. **ON BRIEF:** James Taglieri, CADEAUX, TAGLIERI & NOTARIUS, Washington, D.C., for Appellant. Laura Steel, Thomas P. Turgeon, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P., Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Frank Formica brings suit under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. (2000), claiming that Prudential Insurance Company has wrongfully denied him long-term disability benefits for his back pain. Formica filed for these benefits just prior to leaving his position as a vice president of the National Association of Securities Dealers. Under the terms of the insurance policy that the NASD had purchased from Prudential, Formica is to receive benefits for a "[t]otal disability" if "Prudential determines," inter alia, that he is "not able to perform, for wage or profit, each and every of the material and substantial duties of [his] occupation." After commissioning three independent physicians and an in-house doctor to review his claim and affording him three internal appeals, Prudential determined that Formica did not meet this standard. We agree with the district court that this determination was a reasonable one, and we therefore affirm its grant of summary judgment to Prudential.

In reviewing Prudential's determination, the district court properly applied a modified abuse of discretion standard. "When an ERISA plan affords an administrator discretion, a court reviews the administrator's decision to deny benefits for an abuse of that discretion, asking whether the denial of benefits was reasonable." Stup v. UNUM Life Ins. Co. of Am., 390 F.3d 301, 307 (4th Cir.

2004). The plan here provides that a claimant is totally disabled when "Prudential determines" that he meets the written requirements, and Formica conceded in his filings before the district court that Prudential had "discretion to determine benefits questions." The district court therefore correctly reviewed Prudential's decision for reasonableness, reducing its level of deference somewhat to account for the potential conflict of interest between Prudential's dual roles as both plan administrator and insurer. See id. (noting that such circumstances may require more objective reasonableness and a greater showing of evidentiary support).

Applying this deferential standard of review, the district court found in favor of Prudential on two alternative grounds. First, it concluded that Prudential had reasonably interpreted the terms of the plan when it determined that to show himself unable to perform "each and every" duty of his occupation, Formica would need to demonstrate that he could not carry out any of the functional requirements of his position. See also Gallagher v. Reliance Standard Life Ins. Co., 305 F.3d 264, 270 (4th Cir. 2002) (interpreting similarly worded ERISA plan in the same manner). Formica does not contend that he can make such a showing.

Second, the district court concluded that Prudential would prevail even under Formica's more permissive reading of the plan, which would grant him benefits if he were disabled from only some

3

of his duties.  Again applying the deferential standard of review, the court determined that Prudential could reasonably conclude from the record that Formica was in fact able to perform each and every one of his material job functions.  The court examined the reports of the various doctors who evaluated Formica, and found that Prudential reasonably determined that the medical evidence did not corroborate Formica's subjective assessment of his condition.  The district court particularly emphasized the results of an independent doctor's physical exam, which concluded that Formica's "complaints of pain far outstrip objective findings."

    We find no error in the conclusions of the district court. Its judgment is therefore

AFFIRMED.
